IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS AND ST. JOHN DIVISION

| | |
|---|---|
| KISHMA VINCENT<br><br>Plaintiff,<br>v.<br><br>CROWLEY CARIBBEAN SERVICES, LLC<br>and CROWLEY MARITIME CORP.,<br><br>Defendants. | CASE NO. 3:24-cr-00009 |

**ORDER**

Before the Court is a motion filed by Defendants (collectively, "Crowley") seeking reconsideration of this Court's February 10, 2026, Order denying Crowley's motion for summary judgment. [ECF No. 181; *see* ECF No. 124]. Plaintiff Vincent ("Vincent") filed an opposition [ECF No. 185], to which Crowley filed a reply [ECF No. 187].

For the reasons set forth below, Crowley's motion for reconsideration is **DENIED**.

Motions for reconsideration of interlocutory orders are governed by Fed. R. Civ. P. 54(b), which accords courts broad, inherent power to revise non-final orders "at any time before the entry of a judgment." In the Third Circuit, a court will grant reconsideration only upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Local Rule of Civil Procedure 7.3(a) reiterates these precise grounds. *See* LRCiv 7.3(a).

As an initial matter, although counsel for Crowley articulates a single basis for seeking reconsideration—namely, an intervening change in controlling law—counsel failed to comply with Local Rule 7.3(c), which explicitly requires a written certification by counsel that "grounds for reconsideration are present in this case." LRCiv 7.3(c). Counsel is reminded of the necessity of strict adherence to all local and federal rules governing practice in this Court. While this glaring omission could independently justify denying the motion, the Court declines to dispose of the matter solely on procedural default.

Rather, the motion is denied because Crowley's substantive argument is wholly unconvincing. Crowley contends that the Third Circuit's decision in *Lynn v. Bank of New York Mellon*, 180 F.4th 133 (3d Cir. 2026), constitutes an intervening change in controlling law regarding whether an employee's replacement by an individual outside their protected class is sufficient, standing alone, to create an inference of unlawful discrimination. Crowley asserts that *Lynn* changed the law established in *Johnson v. Keebler-Sunshine Biscuits, Inc.*, 214 F. App'x 239 (3d Cir. 2007), which suggested that non-class replacement could satisfy that burden.

Crowley's argument suffers from two fatal flaws: First, *Johnson* is an unpublished, non-precedential decision. Under Third Circuit practice, non-precedential opinions are not binding precedent and do not establish the law of the Circuit. So, *Johnson* has never been the law. Second, the controlling precedent on this issue is—and has long been—*Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344 (3d Cir. 1999). *Pivirotto* explicitly established that "[w]hile the fact that one's replacement is of another [protected class] may help to raise an inference of discrimination, it is neither a sufficient nor a necessary condition." *Id.* at 354 n.6 (internal quotation marks and citations omitted).

In *Lynn*, the Third Circuit reaffirmed this settled rule, observing that "just as being replaced by someone outside plaintiff's protected class is not necessary to raise an inference of discriminatory animus, it is also not sufficient on its own to do so." *Lynn*, 180 F.4th at 141. Far from altering Third Circuit jurisprudence, *Lynn* directly quoted from and reinforced *Pivirotto*, preserving the flexible *prima facie* framework while requiring a concrete evidentiary link between protected status and the adverse employment action. In short, there has been no intervening change in controlling law. The Court is therefore nonplussed by Crowley's assertion that the Circuit previously "lacked binding precedent broadly holding that being replaced by someone outside the plaintiff's protected class was insufficient to raise an inference of discriminatory animus." [ECF No. 181 at 2].

Crowley bashes on regardless, insisting that *Lynn* and *Johnson* are in "direct and irreconcilable conflict." [ECF No. 187 at 4]. This is pure bunk. There is no conflict of law because *Johnson* was never the law of this Circuit. Furthermore, nothing in the record suggests that the prior judge handling this matter relied on *Johnson* in denying summary judgment. But even assuming *arguendo* that the prior judge had relied on *Johnson*, such an error of legal application by a court does not constitute an "intervening change in controlling law" under Rule 54(b).

Accordingly, Defendants' Motion for Reconsideration [ECF No. 181] is **DENIED**.

**SO ORDERED.**

**Dated:** September 10, 2026. *s/ Evan Rikhye*

**EVAN RIKHYE**
**United States District Judge**